UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Herman Olaizola
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

William J. Bratton, NYPD Commissioner
Robert Foley, NYPD Police Officer
Meghan Kinsella, NYPD Police Officer
Marissa Gillespie, Queens A.D.A
Michael Siff, Attorney
Richard A. Brown, Queen District Attorney

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
SDNY PRO SE OFFICE
2016 MAY 20  AM 9:40

**16CV3777**

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☒ Yes   ☐ No
(check one)

### I. Parties in this complaint:

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name  Herman Olaizola
              ID #  13A3418
              Current Institution  Green Haven
              Address  P.O. Box 4000
                       Stormville, N.Y. 12582-4000

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name  William J. Bratton     Shield # _____
                  Where Currently Employed  NYPD Commissioner
                  Address  1 Police Plaza
                           New York, N.Y. 10038

*Rev. 05/2010*                           1

Defendant No. 2   Name Robert Foley   Shield # 024963
Where Currently Employed New York Police Department
Address 44th precint 2 East 169 st.
Bronx, N.Y. 10452

Defendant No. 3   Name Meghan Kinsella   Shield # 25555
Where Currently Employed New York Police Department
Address 108 precint 5-47 50th Avenue
Long Island City, N.Y.

Defendant No. 4   Name Marissa Gillespie   Shield #
Where Currently Employed Assistant District Attorney
Address 125-01 Queens Blvd.
Kew Gardens, N.Y. 11415

Defendant No. 5   Name Michael Siff   Shield #
Where Currently Employed Attorney
Address 125-10 Queens Blvd.
Kew Gardens, N.Y. 11415

(See Additional Sheet - page 2A)

II.   **Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?
The events occurred in Bronx County and Queens county

B.   Where in the institution did the events giving rise to your claim(s) occur?
At 167 street and the Grand Concourse, at the 44th precint, 108 precint, Queens Criminal and Supreme Court, and Bronx Criminal and Supreme Court

C.   What date and approximate time did the events giving rise to your claim(s) occur?
The initial events occurred at approximately 11:00 A.M. on May 10, 2012 at 167st and the Grand Concourse in Bronx County and was continuous through June 18, 2013

Defendant No. 6: Richard A. Brown, Esq.
Queens County District Attorney
125-01 Queens Boulevard
Kew Gardens, New York 11415

D. Facts: **SEE Additional Pages (3A)**

*What happened to you?*

*Who did what?*

*Was anyone else involved?*

*Who else saw what happened?*

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. **Violation of my Civil and Constitutional rights via unreasonable search and seizure and fabrication of evidence resulting in wrong loss of my liberty.**

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ___ No ___ **I was confined as a result of my claims**

*Rev. 05/2010*

3

(FACTS, continued from page 3):

On May 10, 2012, at approximately 11:15 a.m., plaintiff was seated in the passenger seat of his sister's vehicle, which was being driven by Madeline Ortiz. The vehicle was proceeding Northbound in the express lane on the Grand Concourse, when another vehicle travelling Southbound on the Grand Concourse made an illegal U-turn to travel Northbound and sideswiped the vehicle in which plaintiff was a passenger, near the Northeast corner of 167th Street and the Grand Concourse.

Subsequent to the vehicle being sideswiped, Madeline Ortiz stopped the vehicle and put on the hazard lights. Both plaintiff and Madeline Ortiz, then, exited the vehicle and plaintiff told Madeline Ortiz to get onto the small divider between local and expresstraffic, while plaintiff went to the driver's side to assess the damage to the driver's side of the vehicle.

Police Officer Robert Foley and another unknown police officer immediately appeared at the scene. The unknown police officer went to the vehicle that had sideswiped the vehicle in which plaintiff was a passenger, which was occupied by what appeared to be two caucasian women, while police officer Foley came to the vehicle plaintiff was a passenger of. Plaintiff and Madeline Ortiz explained to police officer Foley, that the other vehicle had sideswiped them while making an illegal U-turn, which had been witnessed by an African-American couple, who had been driving Northbound behind the vehicle plaintiff was a passenger of, and had stopped and told police officer Foley exactly what plaintiff and Madeline Ortiz had told him; yet, the other vehicle

3A

(FACTS continued):

was allowed to leave the scene, without providing insurance or vehicle registration information.

After the other vehicle was allowed to leave the scene, Madeline Ortiz informed police officer Foley, that she was the driver of the sideswipped vehicle, which plaintiff had informed him of, also, but police officer Foley ignored them and asked plaintiff to turn around, when plaintiff complied, police officer Foley proceeded to pat frisk him, allegedly for contraband, and finding no contraband on plaintiff's person, police officer Foley requested consent to search the vehicle, which Madeline Ortiz and plaintiff refused to give.

Subsequently, Madeline Ortiz was allowed to leave and plaintiff was taken into custody, placed in handcuffs, and placed in the backseat of a police vehicle and transported to the 44th Police Precinct, while the vehicle was driven to the police precinct by an unknown police officer. Plaintiff was not advised of any reason why he was being taken into custody.

Thereafter, plaintiff was transported to Queens County, on or May 10, 2012, without having been arraigned upon any charges in Bronx County, and no warrant of arrest was outstanding against plaintiff in Queens County. Upon being transported to Queens County, plaintiff was arrested and charged wih Burglary in the Second Degree(Queens County Docket Number 2012QN026102 &6103). Plaintiff learned in Queens County, that police officer Foley had searched the vehicle plaintiff had been a passenger of during the accident at 167th Street and the Grand Concourse and allegedly

(FACTS continued):

discovered: 6 Nike shoes; 1 red laundry bag; 1 video game hardware; 1 black sony model playstation 3; 1 computer accessories usb stick; video game accessories white make sony playstation; and a playstation controller.

At approximately 4:00 p.m., on May 10, 2012, Police Officer Meghan Kinsella, Shield Number 25555, of the 108th Police Precinct was allegedly shown a still photo from a surveillance video of an individual wearing a dark Yankee hat, with a black hooded sweatshirt with skull and cross bones in white, and it clicked in her head, that she knew who the person was. She was familiar with him from dealing with him in the past in the precinct, though, plaintiff had only been at the 108th precinct once in his life, on February 4, 2010 for a few hours before being transported to central booking. The arresting officer's I.D. Number on that arrest was: 927334. That arrest occurred at approximately 3:31 p.m. on February 4, 2010.

Following several adjournments in Queens County Criminal Court a plea offer of 12 to life was placed on the record during proceedings of November 7, 2012, in plaintiff's absence. Plaintiff requested the assignment of new counsel on November 14, 2012, and the Court granted the request, relieving Eugene Sarchiapone of The Legal Aid Society and assigning Michael Siff, pursuant to §18-b.

That the original arrest charges in Bronx County, on May 10, 2012 were allegedly: Criminal Possesion of a Weapon in the Third Degree, Reckless Endangerment in the Second Degree, Criminal

(FACTS continued):

Possession of a Controlled Substance in the Seventh Degree, Criminal Possession of Stolen Property in the Fifth Degree, and Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree. Plaintiff was returned to Bronx County pursuant to a warrant and was arraigned on October 2, 2012 upon the charges of Reckless Endangerment second-degree, Criminal Possession of a Controlled Substance, seventh-degree, Reckless Driving, Aggravated Unlicensed Operation of a Motor Vehicle second-degree, and General Violation of Vehicle and Traffic Law(Kings County Criminal Court Docket Number 2012BX051311).

The case was sent to the Bronx County Supreme Court, before being returned to the Lower Court on June 18, 2013, plaintiff was not arraigned on the Criminal Possession of a Weapon, Criminal Possession of Stolen Property, or Agrravated Unlicensed Operatipn of a Motor Vehicle in the third-degree, and the other charges upon which plaintiff had been arraigned, pursuant to Bronx County Docket Number 2012BX051311 were dismissed, pursuant to C.P.L. §160.50, on June 18, 2013 and sealed.

Prior to the case being returned to the Lower Court, in Bronx County, plaintiff had been scheduled for a **Mapp** hearing in Bronx County Supreme Court, for June 18, 2013; yet, Queens County scheduled plaintiff for a court appearance in Queens County on the same date, as plaintiff was scheduled for the **Mapp** hearing in Bronx County Supreme Court, and, then, on June 18, 2013, plaintiff was being sentenced in Queens County Supreme Court, thus, plaintiff never was permitted to contest the legality of

3D

(FACTS continued):

his seizure and search in Bronx County, regarding evidence used in Queens County against plaintiff in criminal proceedings.

Prior to plaintiff's sentencing in Queens County on June 18, 2013, the Court inquired, on May 9, 2013, about whether C.P.L. §710.30-1(b) Notice had been given because the Court didn't see it in the Court's file, to which defense counsel, Mr. Siff, and ADA Gillespie indicated 710.30 Notice of a confirmatory identification by a police officer had been served. ADA Gillespie went on to inform the Court, that she'd received a message, that plaintiff had pled guilty, and took one and a half to three on the Bronx case, on a charge of reckless endangerment. He had not been sentenced, just pled guilty. Asked by the Court whether the Bronx Judge had made any promise of concurrent time, defense counsel Siff stated, that was his understanding in speaking with the Bronx. Asked by the Court whether the Bronx Judge would have to wait until the Queens case was done, defense counsel Siff stated: "That's what they envisioned.".

As already iterated herein, the charges in the Bronx case were dismissed, on the same day, as plaintiff was sentenced in Queens County; June 18,2013, and there never was any plea of guilty by plaintiff to any charge in Bronx County in that case, nor had there been any plea offers in the case conveyed to plaintiff.

Plaintiff alleges, that Police Officer Robert Foley's unreasonable search and seizure, and failure to cause plaintiff to be brought before the Court without unnecessary delay, as well as his fabrication the alleged evidence violated plaintiff's state

3E

(FACTS continued):

and federal constitutional rights under the 4th and 14th Amendments to the U.S. Constitution; Article I, §§6, 11 and 12 of the New York Constitution; §8 of the McKinney's Civil Rights Law; and C.P.L. §140.20(1).

Plaintiff alleges, that Police Officer Meghan Kinsella's false and fabricated testimony before the Grand Jury violated plaintiff's state and federal constitutional rights; namely, the 14th Amendment to the U.S. Constitution and Article I, §6 of the New York Constitution, as well as §8 of McKinney's Civil Rights Law and 42 U.S.C. §§1983 and 1985.

Plaintiff alleges, that assistant district attorney Marissa Gillespie's knowing use of false testimony and false representations to the Court violated plaintiff's state and federal constitutional rights; namely, the 14th Amendment to the U.S. Constitution, Article I, §6 of the New York Constitution, as well as 42 U.S.C. §§1983 and 1985.

Plaintiff, further alleges, that defense counsel Michael Siff's utter failure to investigate the facts and law of the case and misrepresentation of the facts to the Court violated plaintiff's constitutional rights under the 6th and 14th Amendments to the U.S. Constitution, as well as 42 U.S.C. §§1983 and 1985.

Plaintiff alleges, that both Defendant William Bratton and Defendant Richard A. Brown violated plaintiff's constitutional and civil rights by failing to properly and adequately train and supervise their subordinates.

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). Grievance Complaint was filed with the Civilian Complaint Review Board and also filed personal injury claim #2013PI021531
See attached sheets 4A

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____   No ____   Do Not Know ____   N/A

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No ____   Do Not Know ____   N/A

If YES, which claim(s)? _____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____   No ____   N/A

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No ____   N/A

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? A grievance complaint filed with Civilian Complaint Review Board and personal injury claim.

1. Which claim(s) in this complaint did you grieve? _____

2. What was the result, if any? _____

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: _____

2. If you did not file a grievance but informed any officials of your claim, state who you informed,

*Rev. 05/2010*                                              4



THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER
1 CENTRE STREET, NEW YORK, N.Y. 10007-2341

4A

John C. Liu
COMPTROLLER

015 - 188

Date: 08/20/2013
Claim no: 2013PI021531
Claimant: HERMAN OLAIZOLA
13A3418
Date of occur: 06/18/2013

HERMAN OLAIZOLA 13A3418
DOWNSTATE CORRECTIONAL BX F, RED SCHLHSE RD
FISHKILL, NY 12524 - 0445

This office is in receipt of your inquiry regarding your claim. In order to assist us in evaluating the claim, please provide the following:

(✓) Claimant's social security # ...... 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
(✓) Claimant's date of birth ...... June 24th 1964
(✓) Copy of final disposition ...... enclosed
(✓) Precinct of occurrence ...... 44th 169 ST Bronx
(✓) Name and shield # of arresting officer ...... Robert Foley I.D. 934873
(✓) Copy of arrest report, rap sheet and, if filed, CCRB report
( ) Related medical records, particularly emergency room & ambulance records.
( ) Medicaid and/or Medicare lien?
( ) Medicaid/CIN #
(x) Any other information and or documents pertinent to your claim

If you have any questions, feel free to contact ROBERT HOWE at (212) 669-4445.

Sincerely yours:

----------------------------
ROBERT HOWE
SUPERVISOR - PERSONAL INJURY
DIVISION
Bureau of Law & Adjustment - Room 1220



# THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER
1 CENTRE STREET, NEW YORK, N.Y. 10007-2341

**Scott M. Stringer**
COMPTROLLER

015 - 165

Date: 03/28/2014

HERMAN OLAIZOLA 13A3418
DOWNSTATE CORRECTIONAL BX F, RED SCHLHSE RD
FISHKILL, NY 12524 - 0445

Claim no: 2013PI021531

Dear Sir or Madam:

Please be advised that the above referenced claim has been investigated and evaluated. We are prepared to offer the amount of ████ as full settlement of this claim.

If this offer is acceptable, please complete the enclosed release and return it to this office. This offer is made without prejudice to either party.

**If you don't respond to this offer within 30 days, it will be assumed that the offer is rejected.**

If you wish to discuss this matter further, please contact me at the telephone number indicated below.

Very truly yours,

*Anastasia Perez* (signature)

ANASTASIA PEREZ

Division: PERSONAL INJURY DIV.
Phone: (212) 669-2251
Fax No: _____

Herman Olaizola, 13-A-3418  
Upstate Correctional Facility  
309 Barehill Road  
Malone, New York 12953

October 17, 2014

Civilian Complaint Review Board  
40 Rector Street 2nd Floor  
New York, NY 10006

Attention: Staff

Hello, my name is Herman Olaizola and I am writing to you today because I would like to file a complaint against Police Officer Robert Foley [badge # 934873] of the 44th Precinct. This is what happened on May 10, 2012. Madeline Ortiz gave me a ride in my sister's car [Diana Olaizola] from 161st street Bronx, New York. While driving on 167th Street on the Grand Concourse we were side swiped by another vehicle that had two people [two white women] on the express uptown lane of the Grand Concourse.

Both cars came to a halt on about 168th street Grand Concourse with the car that swiped us in front. Madeline Ortiz and I stepped out the car. I asked Ms. Ortiz to get on the small sidewalk [divider between local and express lanes] as I went to assess the damage on the driver's side. Being that it was my sister's car.

Police Officer Robert Foley [badge # 934873] and his partner arrived, [both White men]. I explained to him what happened [that we were side swiped by the other car] a minor accident]. His partner went to speak to the occupant in the other car, [two white women] and said they could leave I could see that they were both shocked to her that they could go without giving up a license or identification, however they drove off.

P. O. Robert Foley asked me if he could search the car. He did not ask them the [two White women] if he could search their car but instead he wanted to search the car me and Madeline was in [two Puerto Ricans] I told him no. It was just an accident.

- 1 -

When I told him no he became upset and asked me again and I said no again. As I stated above I witness his partner let the people the [two White women] go without taking down any information [they caused the minor accident] after a brief questioning. P. O. Foley; however, he decided to hold me and I found that odd.

Even after an elderly couple [both African-American] told them, the exact thing I told them but he disregarded what they said. Ms. Madeline Ortiz also gave a testimony of the accounts of what happened and told Officer Foley, that she was the driver. He could have asked the passengers in the other car but he let them go.

Officer Foley and his partner did not acknowledge her whatsoever and told me to turn around. I was under arrest for a weapon. [previous conviction] P. O. Foley made trumped up charges in order to detain me. On June 18, 2013 all his charges were dismissed & sealed by Hon. Judge Mogulescu, W., [Docket number: 2012BX051311] 11 months later and I wasn't even arraigned of the weapons possession his initial charge.

He also falsified paper work and searched my sisters car illegally. I was arrested on May 10, 2012 and he changed his story when he wrote another incident report on 8/20/12 with different accounts of his arrest. He is the major reason why I am still incarcerated today.

P. O. Foley was at a Suppression Hearing in Queens ready to testify against me with the lies he put forth on May 10, 2012, to arrest me illegally.

Anyone familiar with driving up or down the Grand Concourse Blvd. knows you can not jump the sidewalk on the express lanes because it has the safety fence, also where is this so call pedestrian that almost go hit? And any damage on the car is on the drivers side.

I believe that I was targeted by P. O. Foley because I am a [Puerto Rican man], this was an act from a racist, [White man] this also discrimination, Police Officer falsely arrested me and

I would like this Police Officer investigated for this discriminatory act. This act was a disgrace to the New York Police Department, to Madeline Ortiz and myself. Officers Like P. O. Foley is the main reason why people of color [African-American and American-Latinos] in this country do not trust Police Officers. I could only imagine if I and Ms. Ortiz was in a deserted area god knows what he would have tried to do to us, what he did makes me more fearful to even talk to a Police Officer.

Police officer Foley illegal arrest stole years of my life away from me and my family. To have something like this happen in this day and time is horrific. My constitutional rights were violated and I want justice. I want to thank all of you at the Civilian Complaint Review Board for any assistance that you can provide to me in this very tragic event. If you need any additional information from me please contact at the above address.

                                        Sincerely Yours,

                                        Herman Olaizola, #13-A-3418

- 3 -

when and how, and their response, if any: Civil Complaint Review Board. New York City Claim, Division: Personal Injury Div. offered a full settlement of said claim. #2013PI021531

SEE Attached Sheet 4A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). Plaintiff seeks compensatory damages in the amount of 50 million dollars for his unreasonable search and seizure, as to Defendants William Bratton and Meghan Kinsella 50 million dollars in damages, as against Defendants Richard A. Brown, Assistant District Attorney Marissa Gillespie, Defendant Michael Siff, Defendant Robert Foley and Defendant Meghan Kinsella for conspiring to deprive plaintiff of his constitutional and civil rights, and punitive damages of 50 million dollars

VI. Previous lawsuits:

On these claims

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ✓   No ___

Rev. 05/2010                                 5

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff Herman Olaizola

Defendants Michael Cordoza, NYPD 44th pct, Robert Foley

2. Court (if federal court, name the district; if state court, name the county) Bronx County

3. Docket or Index number 251656/2014

4. Name of Judge assigned to your case N/A

5. Approximate date of filing lawsuit November 18, 2014

6. Is the case still pending? Yes ____ No  X
   If NO, give the approximate date of disposition Filing fee never paid

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) Filed in error, never passed getting index number. Case never made it to a Judge of the Court. Was intended to be filed in Federal Court

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
   Yes ____ No  X

[On other claims]

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____
   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 4 day of April, 2016.

Signature of Plaintiff   Herman Olaizola
Inmate Number            13A3418
Institution Address      Green Haven Correctional
                         P.O. 4000
                         Stormville, N.Y.
                         12582-4000

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 4 day of April, 2016, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: Herman Olaizola

Herman's Alazola 13A3418
Green Haven Corr. Fac.
Box 4000
Stormville, N.Y. 12582-4000

Legal
Mail

RECEIVED
SDNY PRO SE OFFICE
2016 MAY 20 AM 9:40

The Daniel Patrick Moynihan U.S. Courthouse
United States District court
Southern District of New York
U.S. Courthouse - 500 Pearl Street
New York, N.Y. 10007
att: Clerk - Pro-Se



U.S. POSTAGE PAID
BRONX, NY
MAY 17 16
AMOUNT
$1.78
R2305M148079-15